**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JOSE MATA-SOTO,**<br>Petitioner,<br>v.<br>**WARDEN, F.C.I FORT DIX,**<br>Respondent. | Civil Action No. 23-8208 (CCC)<br>**OPINION AND ORDER** |

**CECCHI, District Judge**

This matter is before the Court upon Petitioner Jose Mata-Soto's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Respondent opposed the petition. ECF No. 7. Petitioner did not file a reply. For the reasons stated below, this Court will deny the petition.

## I. BACKGROUND

Petitioner is currently detained at FCI Fort Dix. ECF No. 1. In 2013, Petitioner pled guilty to possession with intent to distribute 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). *See United States v. Mata-Soto*, No. 12-cr-355, ECF No. 35 (D. Neb. Nov. 15, 2012). In exchange for his plea, Petitioner was sentenced to 180 months' imprisonment on the drug conviction and 60 months' imprisonment on the gun conviction, to run consecutively. *See United States v. Mata-Soto*, No. 12-cr-355, ECF Nos. 44, 47 (D. Neb. Nov. 15, 2012). Petitioner was also sentenced to a five-year term of supervised release. *Id*. at ECF No. 47. His anticipated release date, "assuming he received all Good Conduct Time available to him," is in April of 2029. ECF No. 7 at 2.

Petitioner's sole contention in his habeas petition is that he requests the Bureau of Prisons ("BOP") to change his First Step Act ("FSA") eligibility status and then apply earned time credit to his sentence. ECF No. 1 at 7. Respondent opposed and argues that the petition should be denied because Petitioner did not exhaust administrative remedies as he did not submit an administrative grievance seeking eligibility to earn or apply time credit prior to filing the instant petition. ECF No. 7 at 9-12. In any event, Respondent contends that Petitioner is ineligible for FSA time credit because the First Step Act provides a list of sixty-eight offenses and/or penalties which render an inmate ineligible to receive time credits, including, as Petitioner's case here, those who are serving a sentence for a conviction under 18 U.S.C. § 924(c). ECF No. 7 at 8; *See* 18 U.S.C. § 3632(d)(4)(D)(xxii).

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241 (c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 224l(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## III. DISCUSSION

Petitioner argues that he is being improperly denied time credits toward his sentence under the First Step Act. *See generally* ECF No. 1. The parties dispute whether exhaustion of administrative remedies is required here. Respondent contends that the petition should be dismissed as unexhausted because Petitioner did not raise his claim through the appropriate administrative process, ECF No. 7 at 5–6, whereas Petitioner alleges that exhaustion is not required because he is challenging the constitutionality of the BOP's regulations. ECF No. 1-2. This Court,

however, will exercise its discretion to decide the habeas petition on its merits rather than on exhaustion grounds. *See, e.g.*, *Nichols v. Knight*, No. 23-1822, 2024 WL 912455, at *2 (D.N.J. Mar. 4, 2024) ("Even if a petitioner fails to exhaust a § 2241 habeas claim, a court has discretion to either excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust administrative remedies before proceeding in court.").

Pursuant to the First Step Act, a "prisoner is ineligible to receive time credits . . . if the prisoner is serving a sentence for a conviction under . . . Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 3632(d)(4)(D)(xxii). Here, it is undisputed that Petitioner is currently serving a term of imprisonment for a § 924(c) conviction. The FSA statute thus bars him from being eligible to accrue time credits under the FSA. *See Myers v. Warden*, No. 21-19952, 2023 WL 2392867, at *2 (D.N.J. Mar. 3, 2023) (finding inmates convicted under§ 924(c) are statutorily ineligible to receive FSA time credits).

To the extent Petitioner contends that he should still receive FSA time credits towards the portion of his sentence which is not the result of his § 924(c) conviction—the § 841(a)(1), (b)(1) drug conviction—Petitioner's claim would still fail.[1] 18 U.S.C. § 3584(c) requires, "for administrative purposes", that the BOP treat multiple sentences ordered to run consecutively or concurrently as a "single, aggregate term of imprisonment." Because the calculation of sentencing time credits is an "administrative purpose," the BOP is required by statute to treat sentences like Petitioner's, which include at least one conviction for an FSA ineligible crime, as a single aggregate term which is not subject to the accrual of FSA credits. *See, e.g.*, *Teed v. Warden FCI*

[1] Because Petitioner is proceeding *pro se* in this matter, the Court, as required, will liberally construe Petitioner's arguments that FSA credit should be applied to the totality of "his sentence" which necessarily includes his sentence for the drug conviction. *See* ECF No. 1 at 10 ¶ 1.

*Allenwood*, No. 23-1181, 2023 WL 4556726, at *1–2 (3d Cir. July 13, 2023); *see also Chambers v. Warden Lewisburg USP*, 852 F. App'x 648, 650 (3d Cir. 2021). Because Petitioner's current aggregate sentence includes a term for a conviction under § 924(c), he is statutorily ineligible for the time credits he seeks.

Last, Petitioner's argument that a supposed immigration detainer is apparently preventing BOP from applying FSA time credits to his sentence is unavailing. ECF No. 1 ¶¶ 2, 7–8. Indeed, as noted above, even assuming the alleged immigration detainer exists, Petitioner's sentence is statutorily ineligible for FSA time credits. Therefore, Petitioner's arguments are unavailing, and his habeas petition is denied.

## IV. CONCLUSION

For the reasons stated above, and after review of the record and filings of the parties, it is accordingly

**ORDERED** that Petitioner's writ of habeas corpus pursuant to 28 U.S.C. § 2241, ECF No. 1, is **DENIED**; it is further

**ORDERED** that the Clerk shall mail a copy of this Opinion and Order to Petitioner at his last known address and shall **CLOSE** this matter.

Dated: September 30, 2026

*s/ Claire C. Cecchi*

**HON. CLAIRE C. CECCHI**
**UNITED STATES DISTRICT JUDGE**